# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERROD BELL,

                Petitioner,

v.

BRIAN FOSTER,

                Respondent.

Case No. 18-CV-1439-JPS

**ORDER**

On September 13, 2018, Petitioner Gerrod Bell ("Bell") filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court convictions and sentences were imposed in violation of the Constitution. (Docket #1). In 2002, after proceeding to trial in Monroe County Circuit Court in two joined cases, Bell was convicted of one count of second degree sexual assault with use of force, one count of second degree sexual assault of a child, and one count of bailing jumping in the first case and two counts of second degree sexual assault with use of force in the second case. *Id.* at 2. He was sentenced to two life terms of imprisonment for the convictions in the first case and sixteen years of incarceration for the second case. *Id.*

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition…that the petitioner is not entitled to relief." This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas

petitions, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

However, before the Court conducts its Rule 4 screening of Bell's petition, one other issue must be addressed. Bell has not paid the mandatory $5.00 filing fee owed in this matter. Instead, he has requested leave to proceed without prepayment of the $5.00 filing fee. (Docket #2). His prison trust account statement, *see* (Docket #3), reveals that Bell can afford the filing fee, and therefore the Court will deny his petition to proceed without prepaying that fee.

The Court will order that Bell pay the $5.00 filing fee within twenty-one (21) days of the entry of this Order. If Bell does not pay the fee, this case will be dismissed without further notice. If Bell pays the fee, the Court will go on to screen the petition under Rule 4.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that, on or before **twenty-one (21) days from the entry of this Order**, Petitioner shall pay the $5.00 filing fee owed in this matter. Failure to pay the filing fee will result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge